IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONALD B. MARKS, #A0199365,<br><br>Petitioner,<br><br>vs.<br><br>EDMUND FRED HYUN,<br><br>Respondent. | CIVIL NO. 21-00025 LEK-KJM<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND ORDER |

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND ORDER

Before the Court is Petitioner Donald B. Marks's ("Marks") Motion for Relief From Judgment and Order Pursuant to Rule 60(b)(1) ("Motion"). ECF No. 6. Marks seeks reconsideration of the January 14, 2021 Order Denying Motion for Stay of Time and Application to Proceed In Forma Pauperis. ECF No. 4. For the following reasons, the Court denies Marks's Motion.

## I. BACKGROUND

On May 19, 2004, Marks pleaded *nolo contendere* to the charge of murder in the second degree, in violation of Hawaii Revised Statutes ("HRS") § 707-701.5. *See State v. Marks*, No. 1PC021002410 (Haw. 1st Cir.).[1] The State of Hawaii

---

[1] The court takes judicial notice of Marks's state court proceedings. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (holding court may take notice of proceedings in other

moved that Marks be sentenced to an extended term of imprisonment as a persistent offender. The circuit court granted the State's motion and sentenced Marks to life imprisonment without the possibility of parole. The circuit court entered its judgment of conviction and sentence on November 8, 2004.[2]  *Id.* at Dkt. 115, 181–82. Marks did not file a direct appeal of his conviction or sentence.[3]

On September 27, 2005, Marks filed in circuit court his first "Petition for Post-Conviction Relief" pursuant to Hawaii Rules of Penal Procedure ("HRPP") Rule 40 ("First Rule 40 Petition"). *See Marks v. State*, No. 1PR051000060 (Haw. 1st Cir.). The circuit court denied the First Rule 40 Petition on May 9, 2006, *id.* at Dkt, 6, Marks appealed, *id.* at Dkt. 7, and the Intermediate Court of Appeals ("ICA") dismissed the appeal on December 1, 2006, *id.* at Dkt. 9.

On November 13, 2009, Marks filed his second "Petition for Post-Conviction Relief" pursuant to HRPP 40 ("Second Rule 40 Petition"). *See Marks v. State*, No. 1PR091000080 (Haw. 1st Cir.). The circuit court denied the petition on January 3, 2011, *id.* at Dkt. 21, Marks appealed, *id.* at Dkt. 22, and the ICA affirmed the circuit court's decision on April 30, 2012, *id.* at Dkt. 25. Marks

---

courts "if those proceedings have a direct relation to matters at issue") (citation and quotation marks omitted).

[2] Marks is currently incarcerated at the Saguaro Correctional Center in Eloy, Arizona.

[3] Although Marks alleges that he was "abandoned by court-appointed counsel," ECF No. 6 at PageID # 40, he does not dispute that he did not appeal the circuit court's judgment.

filed an Application for Writ of Certiorari on June 22, 2012, and the Hawaii Supreme Court rejected it on August 1, 2012. *See Marks v. State*, No. SCWC-11-0000034 (Haw.).

On March 7, 2014, Marks filed a Motion for Correction of Illegal Sentence pursuant to HRPP Rule 35 ("Motion for Correction"). *See Marks v. State*, No. 1PR141000008 (Haw. 1st Cir.). Marks then filed a Motion to Withdraw No Contest Plea pursuant to HRPP Rule 32(d) ("Motion to Withdraw"). *Id.* at Dkt. 16. After the circuit court denied both motions, Marks appealed, and the matter was transferred to the Hawaii Supreme Court. *See Marks v. State*, No. SCAP-16-0000337, 2018 WL 3153759 (Haw. June 28, 2018).

The Supreme Court affirmed the circuit court's denial of Marks's Motion to Withdraw, but it vacated the circuit court's denial of Marks's Motion for Correction. *Id.* at *2-3. The Supreme Court explained that Marks's extended term sentence was imposed in an illegal manner because a judge, instead of a jury, determined that it was necessary for the protection of the public. *Id.* at *3. The Supreme Court vacated the November 8, 2004 judgment solely with respect to the extended term sentence and remanded the case to the circuit court for further proceedings. On February 19, 2020, the circuit court sentenced Marks to life with the possibility of parole. *See* No. 1PC021002410 at Dkt. 285.

On January 11, 2021, Marks filed a third "Petition for Post-Conviction Relief" pursuant to HRPP Rule 40 ("Third Rule 40 Petition"). *See Marks v. State*, No. 1CPN-21-0000002 (Haw. 1st Cir.). In his Third Rule 40 Petition, Marks contends that: (1) his counsel was ineffective on remand to the circuit court; (2) his nolo contendere plea was entered involuntarily; (3) and the Hawaii Paroling Authority failed to comply with state law. Marks's Third Rule 40 Petition remains pending before the circuit court.

On January 11, 2021, Marks also filed in this court a Motion for Stay of Time of One-Year Time Period of Limitation Pursuant to (AEDPA) 28 U.S.C. § 2244(d)(1) in Petitioner's Impending Writ of Habeas Corpus Petition Pursuant to 28 U.S.C. § 2254 ("Motion for Stay"). ECF No. 1. Apparently unaware that the circuit court had docketed his Third Rule 40 Petition, Marks requested a stay of the one-year statute of limitations on habeas petitions, even though he had not filed such a petition. *Id.* at PageID ## 3–7.

In its January 14, 2021 Order denying the Motion for Stay, the Court noted that Marks had not filed a habeas petition. ECF No. 4 at PageID # 33. To the extent Marks asked to "stay" the one-year statute of limitations, the Court explained that it was unaware of any authority allowing it to grant such relief. *Id.* at PageID # 35. The Court further explained that the Motion for Stay appeared to be based on Marks's understanding that the circuit court had not filed his Third

4

Rule 40 Petition. *Id.* The Court noted, however, that the circuit court had filed Marks's Third Rule 40 Petition on the same day he filed his Motion for Stay, and that petition was pending. *Id.* The Court therefore denied the Motion for Stay and dismissed the action without prejudice. *Id.*

## II. DISCUSSION

Marks moves the Court to reconsider its January 14, 2021 Order pursuant to Fed. R. Civ. P. 60(b)(1) based on alleged "mistake[s]" and inadverten[ce]." ECF No. 6 at PageID # 39.

Rule 60(b)(1) states that "the court may relieve a party . . . from a final judgment, order, or proceeding" because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). "Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court." *Barber v. State of Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

Marks complains that the "Background" section of the Court's January 14, 2021 Order "failed to list" his various filings and proceedings in their entirety. ECF No. 6 at PageID ## 41–43. Marks fails to identify, however, a mistake or inadvertence of any significance.

First, as the Court explained in denying the Motion for Stay, Marks has not filed a federal habeas petition. ECF No. 4 at PageID # 33. Marks concedes this

fact in his Motion. ECF No. 6 at PageID # 45 ("It is true Marks has not yet filed his habeas petition in this federal court."). As the Court explained in denying the Motion for Stay, the timeliness of Marks's claims will be evaluated once he files a habeas petition, if he later chooses to do so.

Second, the Court remains unaware of any authority allowing it to "stay" the one-year statute of limitations on a federal habeas petition that might be filed in the future. Marks once again cites none. If Marks files a federal habeas petition, the Court will evaluate the timeliness of his claims under 28 U.S.C. § 2244(d) once the petition is filed.

Finally, as the Court explained in its January 14, 2021 Order, the Motion for Stay was based on Marks's understanding that the circuit court had not filed his Third Rule 40 Petition. ECF No. 4 at PageID # 35. The circuit court filed the Third Rule 40 Petition on January 11, 2021, and the petition remains pending in that court. Marks acknowledges this fact in his Motion. ECF No. 6 at PageID # 44 ("Unbeknownst to Marks, . . . the circuit court filed [his Third Rule 40 Petition] on January 11, 2021."). Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period is statutorily tolled while a properly filed State post-conviction petition is pending in the state courts. *See Valdez v. Montgomery*, 918 F.3d 687, 690 (9th Cir. 2019). And this Court is prohibited from granting any federal habeas petition until Marks "has exhausted the remedies available in the courts of the State." 28 U.S.C.

§ 2254(b)(1)(A); *see Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) ("State prisoners seeking a writ of habeas corpus from a federal court must first exhaust their remedies in state court.").

## III. CONCLUSION

For the foregoing reasons, Marks's Motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 4, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DONALD B. MARKS VS. EDMUND FRED HYUN; CV 21-00025 LEK-KJM; ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND ORDER**